## CIRCUIT COURT OF WASHINGTON COUNTY

Commonwealth of Virginia

v.

Roger Lee Helton

May 8, 1990

Case No. 90-62

By JUDGE CHARLES H. SMITH, JR.

The defendant in this case, who was charged with a third offense of driving under the influence, was tried by me in a bench trial on May 2, 1990. At the conclusion of all the evidence, I found the defendant guilty of the offense as charged. I have been concerned that the court did not properly apply the reasonable doubt standard to the facts of this case. Since I have determined to vacate my earlier judgment, I felt it would be well to recite the reasons therefor. A brief recital of the facts is necessary.

The police officers testified that they were called to the Omelette Shop restaurant around 1:00 a.m. on the morning of November 3, 1989, in response to a call concerning an intoxicated driver. When they arrived at the scene, they found the defendant in his automobile backed into a parking space in the restaurant's parking lot. The defendant was lying over in the front seat of the automobile, and the engine was running. The lights were not on. When the police officers pecked on the window to get his attention, the defendant quickly raised up and, in the same motion, allegedly shifted the gear shift lever from reverse to park. The defendant was admittedly intoxicated but was very cooperative and was taken into custody without incident.

The defendant testified that he had been playing golf all day and had returned in the later afternoon to a local restaurant where he had consumed a large amount of alcoholic beverages. As it came time for the restaurant to close, the defendant, realizing his condition, telephoned his fiancee to come and drive him home. The defendant testified that he was hungry and knew that his fiancee had several miles to drive and had to make arrangements for someone to tend to her infant child, so he told her to pick him up in the parking lot of the Omelette Shop restaurant. Also, he stated that he preferred to leave his automobile, which was full of his expensive tools, overnight in that lighted parking lot instead of the un-lighted one where he was. The defendant remained where he was until the restaurant closed and then had the bartender take him to the Omelette Shop. However, since there was only room for one person in the defendant's car, the bartender had another customer drive his car with the defendant to the Omelette Shop while he drove the defendant's vehicle there. The bartender testified that he parked the vehicle where it was when the police located it and, because it was cold, left the engine running with the heater on and placed the defendant in the only available seat in the vehicle, which was behind the steering wheel. He testified that he had never driven the vehicle before and did not know whether he had placed it in park or left it in reverse.

At trial, the Commonwealth relied upon the case of *Williams v. City of Petersburg*, 216 Va. 297 (1975). At first appearance, it would seem that the *Williams* case is pretty much on square with the case at bar. However, a close examination of the facts of that case reveals several significant factors which distinguish it from this case. They are as follows:

(1) The defendant in the *Williams* case started the engine of the automobile. The only evidence in this case was to the effect that someone else had started the engine for the defendant.

(2) The defendant in the *Williams* case was found slumped over the steering wheel. The defendant in this case was lying down in the front seat.

(3) The defendant in the *Williams* case placed himself in the automobile behind the steering wheel. The defendant

in this case was placed in the automobile by someone else in the only seat available.

(4) After being awakened by the police officers, the defendant in the *Williams* case cut the engine off. There was no evidence in this case that the defendant did so.

(5) The defendant in the *Williams* case was belligerent, rude, and uncooperative and had to be forcibly removed from the automobile. The defendant in this case was polite and cooperative and removed himself from the vehicle without incident.

Finally, and most significantly, there was a credibility factor present in the *Williams* case that is not present in this one. In the *Williams* case, the Supreme Court noted that the trial court was not required to accept the defendant's account of the incident. There were facts and circumstances in that case which, as the Supreme Court noted, the trial court had found reason to cast doubt on the defendant's story. No such facts or circumstances are present in this case. The police officer's version and the defendant's version are not really at odds. The defendant was a credible witness, and his testimony was unimpeached. The testimony of the defendant's witnesses was most credible, it corroborated the defendant's testimony, and their testimony was likewise unimpeached.

In view of all these circumstances, I am of the opinion that the judgment rendered herein on May 2, 1990, was erroneous in that the court did not properly apply the reasonable doubt standard to the facts presented and placed undue reliance upon the *Williams* case. Therefore, the court will direct the clerk to issue an order incorporating this opinion, vacating the prior judgment, and finding the defendant not guilty.